UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENNIS R. SERAMUR d/b/a DENNIS & SONS BUILDERS, individually and as the representative of a class of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CAUSE NO.: 2:16-CV-277-JVB-PRC |
| ROTOBRUSH INTERNATIONAL LLC and JOHN DOES 1-5, | )<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Rotobrush International LLC's Motion to Transfer Venue [DE 12], filed by Rotobrush International LLC ("Rotobrush") on September 2, 2016. Defendant asks the Court to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Plaintiff filed a response on November 29, 2016, indicating that he does not oppose the motion.

In the Complaint, Plaintiff alleges that Rotobrush sent him unsolicited facsimile messages in May and June 2016 in violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. Plaintiff is a resident of Indiana. Rotobrush is headquartered and has its principal place of business in Grapevine, Texas. Through an Affidavit attached to its motion, Rotobrush states that it did not transmit the facsimiles attached to the Complaint. Rotobrush states that it contracted with ProFax, Inc. to transmit the facsimiles and that ProFax, Inc. is a New York Corporation with its headquarters and principal place of business

in Hicksville, New York.

Section 1404, which applies to requests for transfer of venue in cases where venue is proper in the transferor court, provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also Coffey v. Van Doren Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

Venue is proper in this Court because Plaintiff is an Indiana resident, facsimiles attached to the Compliant were allegedly received within this judicial district, and Rotobrush transacts business and/or committed tortious acts in this state. *See* 28 U.S.C. § 1391(b)(2). The transferee court, the Northern District of Texas, is a district in which this suit "might have been brought" because Rotobrush is headquartered and has its principal place of business there. *See* 28 U.S.C. § 1391(b)(1), (c)(2). In addition, Plaintiff does not object to the transfer of venue to the Northern District of Texas.

Finally, the Court finds that the convenience of the parties and the interest of justice are served by a transfer of venue. Rotobrush and all of its employees are located in the Northern District of Texas. Minimizing business disruption, inconvenience, and economic loss weigh in favor of transfer. Although the named Plaintiff is located in Indiana, it is likely that class plaintiffs (approximately 40) will be located in multiple other states and districts. Finally, Rotobrush represents that none of its witnesses is likely from Indiana and that all of its witnesses are likely located in the Northern District of Texas. Non-party (third party defendant) witnesses, representatives of ProFax, are located in New York; the difference between travel from New York to Indiana and New York to Texas is negligible.

Accordingly, the Court hereby **GRANTS** Defendant Rotobrush International LLC's Motion to Transfer Venue [DE 12]. The Clerk of this Court is **DIRECTED** to transfer this case to the United States District Court for the Northern District of Texas for all further proceedings.

SO ORDERED this 30th day of November, 2016.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT